# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br> v. <br> NINA SOUZA, <br>     Defendant. | Case No. 13-cr-00689-BLF-2 <br><br> ORDER ADDRESSING DEFENDANT'S LETTER RE REDUCTION IN SENTENCE <br><br> [RE: ECF 36] |

Defendant Nina Souza, a federal prisoner serving an 84-month term of imprisonment, has filed a letter inquiring whether she received "the 2 point reduction that The Honorable Judge Jensen granted during [ ] sentencing." Letter, ECF 36. Souza states that it was her understanding that she was to receive the reduction, but that it is not reflected in her records. *Id.*

The Federal Public Defender's Office has construed Souza's inquiry as a motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and has filed a Notice of Non-Intervention, indicating that "the Office of the Federal Public Defender in the Northern District of California has reviewed Defendant's motion and has nothing further to add to her request." Notice of Non-Intervention, ECF 40.

It is not clear whether Souza actually intends to bring a motion or whether she merely seeks clarification regarding the status of the reduction in sentence that she expected to receive. To the extent she does move for a reduction in sentence, such motion is DENIED for the reasons discussed below.

## I. BACKGROUND

On October 16, 2013, a grand jury issued an indictment charging Souza with Conspiracy to Possess with Intent to Distribute, and to Distribute, Methamphetamine in violation of 21 U.S.C. §

1  846 (Count 1); and Possession with Intent to Distribute Methamphetamine in violation of 21
2  U.S.C. § 841(a)(1) (Count 2). Indictment, ECF 1. Souza thereafter entered into a written Plea
3  Agreement with the Government pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).
4  Plea Agreement, ECF 23. The Plea Agreement provided that Souza would plead guilty to Count 1
5  only and would be sentenced to 84 months imprisonment, 5 years supervised release, a fine in an
6  amount to be determined by the Court, and a special assessment in the amount of $100. *Id.* ¶¶ 1,
7  8. The Plea Agreement recognized that the United States Sentencing Commission was
8  contemplating an amendment to United States Sentencing Guideline § 2D1.1, governing drug
9  trafficking offenses, which would lower base offense levels in the drug quantity table by 2 levels.
10  *Id.* ¶ 7. The Plea Agreement expressly treated that amendment as if it already were applicable to
11  Souza's case, applying the contemplated 2-level reduction in calculating Souza's total offense
12  level as 27. *Id.* Judge D. Lowell Jensen, the district judge then assigned to the case, accepted
13  Souza's plea on August 7, 2014 and set sentencing for October 30, 2014. Minutes, ECF 21; Order
14  Accepting Plea, ECF 22.

15  Prior to sentencing, the United States Probation Office prepared a presentence report
16  ("PSR") calculating the applicable guideline range as 151 months – 188 months and
17  recommending a 130 month term of imprisonment. PSR, ECF 26. Souza filed a sentencing
18  memorandum stating that she had no objection to the PSR but requesting that Judge Jensen
19  sentence her to 84 months imprisonment pursuant to the terms of the Plea Agreement. Def.'s
20  Sentencing Memo, ECF 28. Judge Jensen did so, sentencing Souza on October 30, 2014 to the
21  custody of the BOP for a term of 84 months on Count 1 and granting the Government's motion to
22  dismiss Count 2. Minutes, ECF 31; Judgment, ECF 32. The contemplated Guidelines
23  amendment, which was applied prospectively under the Plea Agreement, became effective in
24  November 2014. *See United States v. Rodriguez-Soriano*, 855 F.3d 1040, 1041 (9th Cir. 2017)
25  ("In November 2014, Amendment 782 to the Guidelines became effective, lowering by two levels
26  the base offense level calculated under § 2D1.1(c) for certain drug types and quantities.").

27  Because Judge Jensen has retired, this case has been reassigned to the undersigned judge.
28  Souza's letter regarding reduction in sentence is addressed as follows.

## II. DISCUSSION

"Under federal sentencing law, a district court generally 'may not modify a term of imprisonment once it has been imposed.'" *Rodriguez-Soriano*, 855 F.3d at 1042 (quoting 18 U.S.C. § 3582(c)). "This baseline rule is subject to an important exception: a district court may reduce a sentence based on a guideline range that is later lowered by the Sentencing Commission." *Id.* (citing 18 U.S.C. § 3582(c)(2)). Deciding whether to reduce a defendant's sentence under § 3582(c)(2) is a two-step process. *Id.* "[A] district court first determines a defendant's eligibility for a reduction." *Id.* "If a defendant is eligible, the court must then consider the factors in 18 U.S.C. § 3553(a) and assess whether the requested reduction is warranted." *Id.*

In order to establish eligibility, "a defendant must show (1) that his sentence was 'based on' a guideline range that has since been lowered, and (2) that the reduction he seeks is 'consistent with applicable policy statements issued by the Sentencing Commission.'" *Rodriguez-Soriano*, 855 F.3d at 1042 (quoting 18 U.S.C. § 3582(c)(2)). A sentence imposed following a Rule 11(c)(1)(C) plea agreement may be "based on" a guideline range if the district court in fact relies on the guideline range in imposing sentence. *Id.* at 1042-43. However, if the district court imposes "a particular sentence for reasons unrelated to the guideline range," the sentence is not "based on" the guideline range and the defendant is not eligible for a reduction. *Id.* at 1043-44.

In the present case, the sentence imposed by Judge Jensen was not "based on" the guideline range. As discussed above, Probation calculated the applicable guideline range to be 151 months – 188 months, and Souza did not dispute that calculation. Judge Jensen did not impose a sentence within that range, but instead imposed the 84-month term of imprisonment agreed to by the parties in the Plea Agreement. The 84-month term was calculated in part by applying the 2-level reduction in offense level which later was adopted as Amendment 782.

Accordingly, the Court clarifies that Souza already received the 2-level reduction in offense level that she references in her letter, and that she is not eligible for a reduction in sentence under 18 U.S.C. § 3582(c)(2).

//

//

## III. ORDER

With respect to Defendant Souza's inquiry regarding a reduction in sentence, the Court clarifies that she was sentenced to the 84-month term of imprisonment agreed to by the parties in the Plea Agreement. The 84-month term was calculated in part by prospectively applying the 2-level reduction in offense level which later was adopted as Amendment 782. To the extent that Souza moves for a reduction in sentence under 18 U.S.C. § 3582(c)(2), such motion is DENIED.[1]

Dated: July 10, 2017

_____
BETH LABSON FREEMAN
United States District Judge

---

[1] Any such motion also would be barred by Souza's express waiver of the right to seek relief under 18 U.S.C. § 3582. Plea Agreement ¶ 5 ("I also agree not to seek relief under 18 U.S.C. § 3582). Such waivers are enforceable in the Ninth Circuit if knowingly and voluntarily made. *United States v. Malone*, 503 Fed. App'x 499, 499-500 (9th Cir. 2012) (reversing the district court's reduction of sentence under 18 U.S.C. § 3582(c)(2) where the defendant waived the right to seek relief under § 3582(c)(2) in his underlying plea agreement).